UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

CASE NO.: 13-4018

**FILED**
FEB 19 2013
CLERK

Rochelle Driessen,

Plaintiff,

v.

Citibank,

Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, ROCHELLE DRIESSEN, by and through Rochelle Driessen, pro se, sues Defendant, CITIBANK, and in support thereof states the following:

### INTRODUCTION

1. This is a claim associated with Defendant's failure to provide Plaintiff proper due process under the law by failing to transfer Plaintiff's funds to her bank account pursuant to the Electronic Funds Transfer Act.

### PARTIES

2. At all times material hereto, Plaintiff is a resident of Dade County, Florida.

3. At all times material hereto, Defendant, Citibank, is a national bank and a member of the Federal Deposit Insurance Coporation ("FDIC") with headquarters in Sioux Falls, South Dakota and two (2) foreign locations in London.

1

## JURISDICTION & VENUE

4.     The jurisdiction of this court is invoked pursuant to 15 USC § 1693(b) and 12 USC 25a(d). The statute of limitations for filing this action is one (1) year from the date of the occurrence of the violation pursuant to 15 USC § 1693m(g).

5.     Venue is proper as all activities giving rise to this claim took place within the jurisdiction of the United States.

## FACTS

6.     On February 25, 2012, Plaintiff was contacted by the UK National Lottery informing Plaintiff that verification has been carried out and Plaintiff has been officially cleared for payment by the accreditation/screening committee of UK National Lottery ONLINE SWEEPSTAKES international program 2012, AND TO CONTACT Mr. James Henry of Citibank Plc, who is in charge of payment for their lottery winners. (A copy attached hereto as **Exhibit "A"**).

7.     On February 27, 2012, Plaintiff received an e-mail from Steven Peters of Citibank informing Plaintiff of the deposit of {£1,000,000 GBP} with them in Plaintiff's favor, Transaction Reference Number (TRN): ETF01XZ9001, advising Plaintiff in order for Defendant to liquidate the financial instrument used to make this deposit and credit funds to Plaintiff's bank account, Defendant would require to verify Plaintiff's grant subject to Plaintiff's funds release and transfer into Plaintiff's nominated bank account by filling out the International Remittance Fund Transfer Form. (A copy attached hereto as **Exhibit "B"**).

8.     On February 27, 2012, Plaintiff received an e-mail from the Foreign Transfer Dept. of Citibank advising "Following the account information you sent for the transfer of your winning, an account has been setup for you in our bank. The International Remittance

Department of the Citibank has been obligated to remit in your favour the sum of One Million Great Britain Pounds (£1,000,000.00). This amount was deposited by the UK National lottery (organizers of the British UK National Lottery) on your behalf as you are a winner in the past edition of their email lottery. With respect to the above notification, you will be required to follow the instructions below carefully in ensuring a hitch free online transfer of the said amount to your destination bank account. Also added to your winning sum is your account opening fees." (A copy attached hereto as **Exhibit "C"**).

9. After completing step 4 of the instructions for transfer, Plaintiff was able to view the Account Summary. (A copy attached hereto as **Exhibit "D"**). After completing step 5 of the instructions for transfer, the system instructed Plaintiff to "Please Enter your COT/BANK CHARGES Code: If you do not have a COT/BANK CHARGES Code, Please contact your Accounts Officer." (A copy attached hereto as **Exhibit "E"**).

10. On February 28, 2012, Plaintiff contacted the account officer regarding the COT/BANK CHARGES Code. The Foreign Transfer Dept. contacted Plaintiff via e-mail advising Plaintiff that the Bank of England demanded a COT (commission On Transaction) fee in the amount of £1,850 GBP of the amount being transferred before they can provide Defendant with the COT code that will enable the transfer to be concluded. (A copy attached hereto as **Exhibit "F"**).

11. Plaintiff contacted the Bank of England via e-mail on February 28, 2012, regarding the amount of the transfer fee and their rules regarding a person's responsibility in paying a cost of transfer fee. The Bank of England responded to Plaintiff's inquiry on February 29, 2012, advising Plaintiff that this matter has nothing whatsoever to do with the Bank of England, and also informing Plaintiff of financial fraud and identify theft and that the regulator

3

of banks in their country is the Financial Services Authority. (A copy attached hereto as **Exhibit "G"**).

12. Plaintiff's account with Citibank is backed by the FSA, with FSA Reference Number: 122342, Vat. No. GB: 429 6256 29, Registered in England No. 1088249. (See Exhibit "C"). Additionally, Plaintiff's account opening fees were added to Plaintiff's winning sum.

13. On March 1, 2012, Plaintiff filed a claim with the Royal Courts of Justice in London, England against Defendant, with respect to transferring Plaintiff's account to her nominated bank account. On June 28, 2012, the Royal Courts of Justice returned Plaintiff's filing to Plaintiff in the mail. Enclosed in the mail packet was a referral slip with an Order dated March 19, 2012, which states:

ORDER

Upon Reading the Court File

IT IS ORDRED:

1. Permission to issue claim form but not serve.

2. Claim stayed pending the claimant providing the High court with an address for service including a postcode or its equivalent in England or Wales or an EEA State.

The referral slip also had a post it note attached to it stating "Back to Joseph E07." (A copy attached hereto as **Exhibit "H"**).

14. Plaintiff corresponded to the Royal Courts of Justice on August 13, 2012, providing the court with the address for Citibank to be served. (A copy attached hereto as **Exhibit "I"**). On September 25, 2012, the Royal Courts of Justice returned Plaintiff's filing to Plaintiff via mail. (A copy attached hereto as **Exhibit "J"**).

4

15. The Royal Courts of Justice has denied Plaintiff due process of law by failing to commence the lawsuit against Citibank in London by failing to have Citibank served, therefore, the Royal Courts of Justice does not have personal jurisdiction over Citibank, and the proper jurisdiction to bring this action against Defendant is in the United States. Defendant is a member FDIC bank and has headquarters in Sioux Falls, South Dakota, with two (2) foreign locations in London. (A copy attached hereto as **Exhibit "K"**).

16. Defendant has failed to transfer Plaintiff's lottery winnings to her nominated bank account pursuant to the Electronic Funds Transfer Act, and is in violation of 15 USC § 1693(b). Plaintiff's filing of this action is within the one (1) year statute of limitations, as the date of the occurrence of Defendant's violation of failure to transfer Plaintiff's funds electronically into her nominated bank account occurred on February 28, 2012.

WHEREFORE, Plaintiff respectfully requests the court to enter a judgment to order Defendant to transfer Plaintiff's winnings into her nominated bank account, and any and all other relief as required under the law.

Respectfully submitted,

*Rochelle Driessen*
Rochelle Driessen, pro se
250 95th Street
Surfside, FL 33154

Date: 2/14/2013