UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 26 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ROCHELLE DRIESSEN, | \* | CIV 13-4018 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER RE: MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT |
| CITIBANK, N.A., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Rochelle Driessen brought a pro se complaint against Defendant, Citibank, N.A., alleging violation of the Electronic Funds Transfer Act and presenting Driessen's allegation that Citibank failed to deposit a million pound lottery winning from the UK National Lottery into an account for her. Doc. 1. Driessen then filed a notice of additional claim stating that she had received an e-mail from the "Claims Office of Health Lottery Announcement/2013 -The National Lottery, informing Plaintiff that she has won prize money in the amount of £1,000,000," and that Citibank had been directed to, but had not transferred these winnings to her. Doc. 10. Citibank moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 13. Driessen then moved for summary judgment. Doc. 16.

*Standard for Determining Motion under Federal Rule of Civil Procedure 12(b)(6)*

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), *cited in Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

1

*Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.*(internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555-556 & n3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."*Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

## DISCUSSION

A district court may take judicial notice of public records and consider them in deciding a motion to dismiss. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003). Driessen has filed approximately twenty-eight pro se civil actions in various district courts. In *Driessen v. Home Loan State Bank*, No. 12-cv-02220 (D. Co. Aug. 20, 2012), Driessen alleged that Home Loan State Bank failed to transfer the sum of 3,500,000 pounds in winnings to her from the Power Ball Sweep Stake Lottery, in violation of the Electronic Funds Transfer Act. In *Driessen v. Nat west Bank PLC and Royal Bank of Scotaland*, No.13-cv-00217 (D. Conn. Feb. 19, 2013), Driessen sued another bank for violation of the Electronic Funds Transfer Act for allegedly failing to transfer lottery winnings of over a million dollars that she claims to have won from the BMW 2012 International Award. In *Driessen v. Clinton*, No. 12-cv-00227(E.D. Tex. April 12, 2012), Driessen filed a pro se complaint claiming that then U.S. Secretary of State Hillary Rodham Clinton informed her that she had inherited $10.5 million from a Nigerian relative but then unlawfully prevented the transfer of funds on the grounds that the funds were terrorist- and drug-related. These are but a few of the complaints that Plaintiff has filed which contain a theme similar to the one presented in the case at hand.

The Court has carefully reviewed Driessen's pleadings and has determined that her claim

2

lacks facial plausibility and must be dismissed with prejudice. Since Citibank's motion to dismiss is granted for the reasons stated, Driessen's motion for summary judgment is denied. Accordingly,

IT IS HEREBY ORDERED:

(1) That Defendant's motion to dismiss (doc. 13) is granted with prejudice; and

(2) That Plaintiff's motion for summary judgment (doc. 16) is denied.

Dated this 26th day of August, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
       (SEAL)      DEPUTY